**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

FRANCISCO SANTAMARIA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    16-73152

Agency No. A077-075-091

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Francisco Santamaria, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Santamaria failed to establish he experienced harm that rises to the level of persecution.  *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation and internal quotation marks omitted)).  Substantial evidence also supports the agency's determination that Santamaria did not establish a clear probability of future persecution in Guatemala.  *See Lanza v. Ashcroft*, 389 F.3d 917, 934-35 (9th Cir. 2004) (petitioner's evidence did not show clear probability of future persecution).  In light of this disposition, we need not reach Santamaria's remaining contentions regarding his withholding of removal claim.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).  Thus, Santamaria's withholding of removal claim fails.

In his opening brief, Santamaria does not contest the BIA's determination that he waived any challenge to the IJ's denial of his CAT claim, *see Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived), and we lack jurisdiction

to consider his contentions as to the merits of his CAT claim because he failed to raise them to the BIA, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

To the extent Santamaria contends the BIA erred in its analysis of his claims, his contentions fail as unsupported by the record.

Santamaria's motion for appointment of pro bono counsel (Docket Entry No 35) is denied.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**